

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**SERVICE Electronically Filed:**
**April 20, 2015 14:53**

By: GORDON S. FRIEDMAN 0021946

Confirmation Nbr. 417970

KIPP HOLLOWAY

vrs.

CITY OF CLEVELAND, ET AL.

CV 15 842669

**Judge:**

TIMOTHY MCCORMICK

**Pages Filed:** 22

THE STATE OF OHIO
Cuyahoga County

Kipp Holloway

VS.

City of Cleveland, et al.

No. CV-15-842669

Judge Timothy McCormick

Date 04/20/2015

☐ ORDINARY MAIL        ☐ PERSONAL SERVICE        NUMBER OF SERVICE ATTEMPTS

☒ CERTIFIED MAIL        ☐ RESIDENCE SERVICE        SHOW ADDRESS FOR SERVICE IF DIFFERENT
                                                    FROM THE ONE SHOWN IN CAPTION

ADDITIONAL INSTRUCTIONS:
Please serve Summons and Complaint upon Defendant as follows:

City of Cleveland

c/o Cleveland Law Department

601 Lakeside Avenue, Room 106

Cleveland, OH 44114

Plaintiff Attorney        Firm Name

CLERK'S CERTIFICATE OF MAILING

Service of Process was sent by ordinary mail this _____ day of _____, _____

Answer day is 28 days after date of mailing -- answer day _____

Attest: _____        Clerk of Courts _____
                                              Deputy

C of C 160-2 / 2043   e

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| KIPP HOLLOWAY,<br>13202 Svec Avenue<br>Cleveland, OH 44102, | ) ) ) | CASE NO._____ |
| | ) | |
|      Plaintiff, | ) | |
| | ) | JUDGE _____ |
|   -vs- | ) | |
| | ) | |
| CITY OF CLEVELAND,<br>601 Lakeside Ave<br>Cleveland, OH 44114, | ) ) ) | |
| | ) | **COMPLAINT** |
|   -and- | ) | |
| | ) | **Jury Demand Endorsed Hereon** |
| SERGEANT TIMOTHY PATTON,<br>881 East 152nd Street<br>Cleveland, OH 44110, | ) ) ) | |
| | ) | |
|   -and- | ) | |
| | ) | |
| SERGEANT PAUL BAEPPLER,<br>881 East 152nd Street<br>Cleveland, OH 44110, | ) ) ) | |
| | ) | |
|   -and- | ) | |
| | ) | |
| JOHN DOE POLICE OFFICERS,<br>881 East 152nd Street<br>Cleveland, OH 44110, | ) ) ) | |
| | ) | |
|     Defendants. | ) | |

## INTRODUCTION

1.     This civil rights suit seeks damages for the injuries and losses suffered by Plaintiff Kipp Holloway, who was unarmed and surrendering when Cleveland Police Sergeant Timothy Patton shot him, put a gun in his mouth, and threatened and harassed him, in violation of Holloway's rights under the U.S. Constitution and the laws of the State of Ohio. After Defendant Patton shot Holloway, other Cleveland Police Officers mocked Holloway and failed to immediately seek medical attention for him, as he visibly bled onto the ground. As a result of Defendants' unconstitutional and tortious conduct throughout this horrible ordeal, Holloway suffered serious and permanent injuries, including wounds to his left arm and chest, as well as psychological and emotional harm, all in violation of his rights under the U.S. Constitution and the laws of the State of Ohio. Plaintiff Kipp Holloway brings this action to secure fair compensation and to hold Defendants accountable for their unlawful acts.

## JURISDICTION AND VENUE

2.     This action arises under the laws the State of Ohio and the law of the United States. Jurisdiction is appropriate as these claims arose from events occurring in the State of Ohio, Plaintiff is a resident of Ohio, and at all times mentioned herein, on information and belief, Defendants resided in the State of Ohio. The amount in controversy, exclusive of interests and costs, exceeds the jurisdictional amount.

3.     Venue is appropriate as this cause of action arose in Cuyahoga County.

## JURY DEMAND

4.     Plaintiff Kipp Holloway requests a jury trial on the issues and claims set forth in this Complaint.

5.      Plaintiff **Kipp Holloway** is an African-American citizen of the United States and the State of Ohio. At all times relevant to the instant case, he was a resident of Shaker Heights, Ohio, in Cuyahoga County.

6.      Defendant **City of Cleveland** is a municipality in the state of Ohio, and is subject to governmental liability in connection with claims asserted in this Complaint and is located within the Northern District of Ohio.

7.      Defendant **Sergeant Timothy Patton** was at all times relevant to this action a police officer employed by the Cleveland Division of Police. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities.

8.      Defendant **Sergeant Paul Baeppler** was at all times relevant to this action a police officer employed by the Cleveland Division of Police. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacities.

9.      Defendants **John Doe Police Officers** were at all times relevant to this action police officers employed by the Cleveland Division of Police. Defendants are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. Despite diligent efforts, Plaintiff has been unable to identify the names of these John Doe Police Officers. Plaintiff anticipates the names of the John Doe Police Officers to be revealed during discovery in this matter. John Doe Police Officers are sued both in their individual and official capacities.

3

## FACTS

10.    Plaintiff Kipp Holloway is a twenty-seven year old laborer and father of four. On May 21, 2014, Holloway was expecting the birth of his son in just five days, and set out to purchase some necessities for the child.

11.    Holloway travelled on RTA busses to run his errands. Holloway was shopping around the area of East 79th Street and Superior Avenue in Cleveland when he ran into two acquaintances. These two acquaintances agreed to give Holloway a ride to the Rapid Station so he could finish his errands.

12.    Holloway took a seat in the rear of the vehicle. One of the acquaintances drove and the other was in the front passenger seat.

13.    After a short while, the men noticed they were being followed by a white male in a red pickup truck. It was at this time that the acquaintances told Plaintiff that they had robbed the man who was tailing them.

14.    Before Holloway could react, a dangerous car chase began. Holloway thought about jumping out of the car, but the driver was driving approximately sixty to sixty-five miles per hour, careening dangerously around corners and side streets.

15.    Holloway pleaded with the men to let him out of the vehicle after the driver nearly collided with a semi-trailer truck. Despite his pleas, the driver continued to drive recklessly until the vehicle spun out of control and struck a fire hydrant before coming to a stop.

16.    The two acquaintances immediately fled from the vehicle after the crash.

17.    Holloway was scared and confused. He could hear the police sirens in the distance. After some deliberation, and acting out of fear, Holloway left the area for his own safety. Holloway

4

sought refuge in an open garage, in the backyard of a home near the scene of the crash. Holloway entered the garage via an unlocked side door and laid down on the ground behind a motorcycle.

18.     Within minutes of taking shelter in the garage, Holloway heard radio chatter in the vicinity of the garage. He knew that the police were going to discover him imminently. Holloway was unarmed and intended to fully cooperate and acquiesce to the authority of the investigating police officers.

19.     Holloway watched the entrance of the garage in anticipation of the Police discovering him inside. As soon as he saw a boot step into the garage, Holloway immediately announced his name, that he is an African American male, that he was unarmed, and that he had his hands up. At that moment, Holloway was lying face-down in the garage with his hands and arms extended flat on the ground, over his head.

20.     Defendant Sergeant Timothy Patton entered the garage and asked where Holloway was. Holloway informed the officer that he was on the ground behind the motorcycle.

21.     As Defendant Sergeant Timothy Patton approached Holloway, his gun was already drawn.

22.     Without any warning, and with no provocation, Defendant Patton fired his gun and shot Holloway in his right forearm.

23.     The bullet penetrated Holloway's forearm, ricocheted off of the floor, and entered his chest. Holloway screamed in agony.

24.     Defendant Patton yanked Plaintiff up to his knees by the collar and forced the barrel of his weapon into Holloway's mouth.

5

25.     Defendant Patton asked Holloway where his "boys" were. Defendant Patton also asked why Holloway made Patton chase him.

26.     Holloway was consumed with fear. He thought the police were going to kill him.

27.     As Holloway kneeled with Defendant Patton's gun in his mouth, Defendant Sergeant Paul Baeppler entered the garage.

28.     Defendant Baeppler, presuming that it was Holloway and not Defendant Patton who had fired the round, asked Patton, "Where is the gun?"

29.     Next, other Defendants John Doe Police Officers entered the garage. As these Defendants John Doe police officers filed into the garage Defendant Patton let go of Holloway's shirt collar.

30.     As Defendants John Doe Police Officers checked on the welfare of Defendant Patton, and searched for a gun that Holloway never even possessed, Holloway was in obvious pain. Holloway was bleeding profusely, and the garage floor was covered in blood.

31.     Despite clear evidence of Holloway's injuries, the Defendants Patton, Baeppler, and John Doe Police Officers ignored Holloway's gun shot wounds and expressed no concern for his well-being.

32.     As Holloway writhed in pain, the Defendants Baeppler and John Doe Police Officers mocked him and made disparaging remarks towards him.

33.     After some time had passed, one of the Defendant John Doe Police Officers called for EMS.

34.     Defendant Patton and Defendant Baeppler handcuffed Holloway while they waited for the EMS team to arrive.

6

35.     Defendants Patton, Baeppler, and John Doe Police Officers did not provide any first aid to Holloway as they waited on EMS and continued to make denigrating comments to him.

36.     One of the Defendant John Doe Police Officers in the garage walked Holloway to the ambulance when it finally arrived.

37.     This Defendant John Doe police officer asked the EMS team to which hospital they were taking Holloway. EMS personnel said they were taking Holloway to University Hospitals. The Defendant John Doe Police Officer became furious that Holloway would be transported there and argued with the EMS team to take Holloway across town to MetroHealth Hospital instead.

38.     This Defendant John Doe Police Officer told Holloway, "If it were me, I'd let you bleed out."

39.     The very same Defendant John Doe Police Officer accompanied Holloway in the ambulance to the hospital.

40.     As they travelled to the hospital, Holloway was in great pain as his wounded forearm remained cuffed inside of the ambulance.

41.     The Defendant John Doe Police Officer continued to harass Holloway throughout the ride to the hospital, including a threat to "blow [Holloway's] brains out."

42.     This threat placed Holloway in fear of imminent peril or death.

43.     Once they arrived at University Hospitals, the emergency room staff noticed that Holloway had a gunshot wound to his chest in addition to the wound on his left forearm.

44.     In all the time they observed, escorted, and accompanied Holloway, all of the Defendants John Doe Police Officers, Defendant Baeppler, and Defendant Patton failed to acknowledge that Holloway had been wounded in his chest.

7

45.    While the emergency room staff worked on Holloway, he was interviewed by Cleveland Police detectives. Holloway relayed the narrative of what had happened to him, including that Defendant Patton put the gun in his mouth.

46.    After Holloway was treated at University Hospitals, he was placed on a gurney and transported to MetroHealth Hospital.

47.    Upon arriving at Metro, Holloway was met by the Defendant John Doe Police Officer who threatened him during the previous ambulance ride. This Defendant Officer stared menacingly at Holloway. Holloway was in fear for his safety.

48.    The two detectives who had interviewed Holloway at University Hospitals subsequently arrived, and resumed their interview with Holloway.

49.    A doctor arrived and informed Holloway that his injuries included compartment syndrome, which required immediate surgery. This would be the first of three surgeries Holloway has since endured.

50.    Plaintiff Kipp Holloway was criminally charged in the Cuyahoga County Court of Common Pleas, in case CR-14-585917-C, with breaking and entering and possession of criminal tools.

51.    Holloway was transferred to the county jail following his surgery in relation to this criminal case.

52.    Holloway went to trial on these charges on September 29, 2014.

53.    On September 30, 2014, Holloway was acquitted of both charges relating to the events of May 21, 2014.

8

54.     Holloway remained incarcerated from May 21, 2014 until October 7, 2014 in connection with the charges for which he was ultimately acquitted.

55.     The City of Cleveland Police Department has a history of insufficient training of its law enforcement personnel concerning uses of force and seizures, and other matters incident to arrests and stops which have resulted in a history and pattern of unconstitutional conduct carried out by members of its police force.

56.     In around 2000, the United States Department of Justice ("DOJ") instituted an investigation of the City of Cleveland Division of Police due to allegations of a pattern or practice of unconstitutional conduct. After a two-year investigation, which included the review of City of Cleveland Division of Police use of deadly force and use of non-deadly force investigations from 1998-2000, the DOJ issued a formal technical assistance letter dated July 23, 2002. (*See* Steven H. Rosenbaum, U.S. Department of Justice Civil Rights Division, "Letter re: Investigation of the Cleveland Division of Police", *available at* http://www.justice.gov/crt/about/spl/documents /cleveland_uof.pdf.) The letter identified recommended reforms in several areas, including the following: use of force, misconduct complaint investigations, risk management, and training on the use of force and firearms. The City of Cleveland Division of Police was involved in avoidable shootings.

57.     Following the DOJ intervention, the Cleveland Division of Police resumed its practice of violating the rights of its citizens, notably through the use of force, and then deeming those uses of force appropriate and/or failing to suitably document and review those violations.

58.     Subsequently, the Ohio Attorney General's Office investigated a police shooting on November 29, 2012, which resulted in Cleveland Police Officers fatally wounding Timothy Russell and Malissa Williams. The Ohio Attorney General's Office concluded that there was a

9

"systemic failure" in the Cleveland Police Department in multiple respects, including failing to provide adequate and necessary structure and support to officers and failing to train on policy decisions. (*See* Ohio Attorney General Mike DeWine, "Statement on Officer-Involved Shooting of Timothy Russell and Malissa Williams" (February 5, 2013), available at http://www.ohioattorneygeneral.gov/OhioAttorneyGeneral/files/d6/d60d0659-a54a-4123-a4c0-464ce4cbf272.pdf).

59.     Subsequently, the DOJ investigated the Cleveland Division of Police for a second time, concerning incidents occurring between 2010 and 2013. On December 4, 2014, the DOJ released its findings in this investigation, this time concluding explicitly that the Cleveland Division of Police "engages in a pattern or practice of using excessive force in violation of the Fourth Amendment of the United States Constitution" and that "structural and systemic deficiencies and practices—including insufficient accountability, inadequate training and equipment, ineffective policies, and inadequate engagement with the community—contribute to CDP's use of unreasonable force." (*See* U.S. Department of Justice Civil Rights Division, "Investigation of the Cleveland Division of Police: Executive Summary" (December 4, 2014), *available at* http://www.justice.gov/usao/ohn/brochures/1%20CDP%20Exec%20Summary.pdf, and Findings Letter, available at http://www.justice.gov/usao/ohn/brochures/3%20Cleveland%20Division%20of%20Police%20Findings%20Letter.pdf).

60.     Further, Defendant Timothy Patton is a Sergeant, and therefore, a supervisor with the Cleveland Division of Police. His rank and responsibilities implicate the Cleveland Division of Police's policies, practices, and customs regarding the promotion of supervisors who are incapable or unwilling to follow the laws of the State of Ohio and the United States, and indifference to the safety of the citizens of Cleveland, including Plaintiff Kipp Holloway.

10

61.     It was foreseeable that the City of Cleveland's failure to review, discipline, and train Defendants Patton, Baeppler, and John Doe Police Officers regarding use of force and threats of use of force would result in additional instances of excessive force being used on citizens.

62.     Defendant City of Cleveland has a policy, practice and custom of allowing officers to use excessive force, failing to supervise officers to reduce excessive force, and failing to train officers to resolve encounters with citizens without using excessive force. That policy, practice and custom was the moving force behind the excessive force used against Plaintiff Kipp Holloway and proximately caused his injuries and suffering.

63.     Furthermore, Defendant City of Cleveland has a policy, practice and custom of using excessive force on African American citizens and that policy practice and custom was the moving force behind the excessive force used on Plaintiff Kipp Holloway and proximately caused his injuries and suffering.

64.     Further, the failure of two supervising officers, namely Defendant Sergeant Patton and Defendant Sergeant Baeppler, along with multiple patrol officers, including John Doe Police Officers, to acknowledge and seek immediate treatment for Plaintiff Kipp Holloway's life-threatening, officer-inflicted injuries, including bullet wounds to his arm and chest, constitute unconstitutional deliberate indifference to serious medical needs.

65.     The failure of every officer on the scene to acknowledge and seek medical attention for Holloway's bullet wounds, and especially the wound to his chest, which was not even reported to EMS, implicates the City of Cleveland's failure to train and supervise officers with respect to constitutionally required attention to serious medical needs.

11

66.     It was foreseeable that the failure to review, discipline, and train Defendants Patton, Baeppler, and John Doe Police Officers regarding constitutionally-required attention to serious medical needs would result in deliberate indifference to citizens' serious medical needs.

67.     The policies and practices of the Cleveland Division of Police described in this Complaint were the moving force behind the excessive force used against Plaintiff Kipp Holloway and proximately caused his injuries and suffering.

68.     Holloway suffered and continues to suffer severe and permanent physical injury as a result of Defendants' conduct. He has endured three surgeries and has at least one more surgery already scheduled. He has lost the feeling and sensation in his left hand. He has virtually no dexterity remaining in his left thumb, and his left hand is virtually useless. Plaintiff continues to suffer great pain in his left forearm from the path of the bullet, and he still has bullet shrapnel lodged in his chest. He continues to receive medical treatment for his injuries. As a result of his injuries, Holloway cannot work: he cannot hold ten pounds in his arms. He cannot even hold his infant son.

69.     In addition to his physical injuries, Holloway suffered and continues to suffer great psychological and emotional pain. He has recurring nightmares of the shooting. As a result of the events described in this Complaint, Holloway now suffers from serious mental health issues, including but not limited to depression and post-traumatic stress disorder. He continues to receive treatment for his severe and ongoing emotional and psychological injuries.

12

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Against Defendant Patton for Excessive Force
### in Violation of the Fourth and/or Fourteenth Amendments)

70.     All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

71.     Defendant Sergeant Timothy Patton, acting under color of law and within the course and scope of his employment as a law enforcement officer with the City of Cleveland, used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff Kipp Holloway, violating Holloway's clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments and Title 42 U.S.C. § 1983.

72.     Defendant Sergeant Timothy Patton deprived Plaintiff Kipp Holloway of his right to be free from unreasonable seizure by seizing his person and subjecting him to the excessive and unjustified use of deadly force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

73.     Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the uses of forced described in this Complaint violated Plaintiff Kipp Holloway's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and/or his clearly established Fourteenth Amendment liberty interest in bodily integrity protected by substantive due process and that this conduct "shocks the conscience."

74.     Defendant Patton callously and recklessly disregarded Kipp Holloway's federally protected rights.

13

75.     Defendant Sergeant Timothy Patton's use of unnecessary, unreasonable, outrageous, and excessive force, as described in this Complaint, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

76.     As a direct and proximate result of Defendant Sergeant Timothy Patton's conduct, Plaintiff Kipp Holloway was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

### SECOND CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Patton, Baeppler, and John Doe Police Officers
for Deliberate Indifference to Serious Medical Needs
In Violation of the Eighth and/or Fourteen Amendments)**

77.     All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

78.     During all times relevant herein, named individual Defendants were deliberately indifferent to the serious medical needs of Plaintiff Kipp Holloway as outlined in this Complaint.

79.     Despite his apparent gunshot wounds to both the arm and the chest, Defendants failed to timely seek medical attention for Plaintiff Kip Holloway's life-threatening injuries and serious medical needs.

80.     When they finally did take action to address his needs, Defendants further failed to acknowledge and to report Holloway's gunshot wound to the chest.

81.     As a direct and proximate result of Defendants' conduct, Kipp Holloway was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

14

**THIRD CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendant City of Cleveland)**

82.     All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

83.     Plaintiff is informed and believes and alleges thereon that City of Cleveland law enforcement officers, including, but not limited to Defendant Patton, have a history of violating citizens' constitutional rights, making unreasonable seizures and using excessive force, about which Defendant City of Cleveland is, and was at all times relevant, aware.

84.     Plaintiff is informed and believes and alleges thereon that that City of Cleveland law enforcement officers, including, but not limited to Defendants Patton, Baeppler, and John Doe Police Officers, have a history of violating citizens' constitutional rights, by acting with deliberate indifference to citizens' medical needs, about which Defendant City of Cleveland is, and was at all times relevant, aware.

85.     On information and belief, Defendant City of Cleveland failed to adequately and properly train and/or supervise Defendant Patton and Defendants Baeppler and John Doe Police Officers.

86.     Defendant City of Cleveland ratified the conduct of Defendants Patton, Baeppler, and John Doe Police Officers described herein.

87.     On information and belief, Defendant City of Cleveland implemented customs and policies for training and supervision of City of Cleveland police officers on making seizures and using force that, on their face, violate the Fourth Amendment and 42 U.S.C. § 1983. Alternatively, Defendant City of Cleveland implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting,

15

visiting, or otherwise within the jurisdictional limits of the City of Cleveland, including Plaintiff Kipp Holloway.

88.     As a direct and proximate result of Defendant City of Cleveland's customs, policies, and practices described herein, which violate the Fourth Amendment on their face, or otherwise are applied in a manner such that Fourth Amendment violations are likely to and do occur, Plaintiff Kipp Holloway was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

89.     On information and belief, Defendant City of Cleveland implemented customs and policies for training and supervision of City of Cleveland police officers on attention to citizens' serious medical needs that, on their face, violate in violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Alternatively, Defendant City of Cleveland implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting, visiting, or otherwise within the jurisdictional limits of the City of Cleveland, including Plaintiff Kipp Holloway.

90.     As a direct and proximate result of Defendant City of Cleveland's customs, policies, and practices described herein, which violate the Eighth and Fourteenth Amendments on their face, or otherwise are applied in a manner such that unconstitutional violations are likely to and do occur, Plaintiff Kipp Holloway was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

91.     Defendant City of Cleveland has a duty to insure that its officers are properly supervised, monitored, and trained to deal with potential unconstitutional violations as occurred here, leading to and including the shooting of Plaintiff Kipp Holloway.

92.     Defendant City of Cleveland has failed to adequately train and supervise its officers concerning proper police procedure and constitutional limitations relative to the use of deadly force. That Defendant Sergeant Timothy Patton shot Plaintiff Holloway while he was trying to surrender is demonstrative of improper police procedure and indicative unlawful police policies or practices, and/or indicative of inadequate training procedures. That Defendants John Doe Police Officers threatened use of deadly force while he posed no risk and was already in custody is indicative of unlawful police policies or practices, and/or indicative of inadequate training procedures. These failures actually and proximately caused the damages listed in this Complaint.

93.     Defendant City of Cleveland has failed to adequately train and supervise its officers concerning proper police procedure and constitutional requirements to provide constitutionally required attention to serious medical needs. That Defendants Patton, Baeppler, and John Doe Police Officers failed to acknowledge and report Plaintiff Holloway's gunshot wound to the chest and otherwise failed to immediately seek medical attention for his serious medical needs is demonstrative of unlawful police policies or practices, and/or indicative of inadequate training procedures. This failure also, both actually and proximately, caused the damages listed in this Complaint.

### FOURTH CLAIM FOR RELIEF
**(State Claim Against Defendants Patton, Baeppler, and John Doe Police Officers
for Negligence - Willful, Wanton, and Reckless Conduct)**

94.     All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

95.     Defendant Sergeant Timothy Patton acted in an intentional, willful, and/or malicious manner, failed to exercise due care, and acted with malicious purpose, in bad faith, and/or in a wanton or reckless manner while engaged in police functions and activities which

17

culminated in his shooting of Plaintiff Kipp Holloway and subsequent additional assault against Holloway.

96.     Defendants Patton, Baeppler, and John Doe Police Officers acted in an intentional, willful, and/or malicious manner, failed to exercise due care, and acted with malicious purpose, in bad faith, and/or in a wanton or reckless manner while engaged in police functions and activities when they failed to seek timely medical attention for Plaintiff's serious and life-threatening injuries, failed to acknowledge and report his gunshot wound to the chest, and assaulted and menaced Plaintiff Kipp Holloway.

97.     These Defendants' conduct was willful, wanton, and/or reckless and under Chapter 2744 of the Ohio Revised Code, and Defendants do not have immunity for their misconduct.

98.     This reckless, wanton, and willful conduct actually and proximately caused the damages listed in this Complaint.

### FIFTH CLAIM FOR RELIEF
**(State Claim Against Defendant Patton and Defendants John Doe Police Officers for Assault and Battery)**

99.     All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

100.    Defendant Sergeant Timothy Patton knowingly threatened to cause bodily harm against Plaintiff Kipp Holloway which caused him to be in fear of imminent peril and death. Defendant Patton acted intentionally, in bad faith, in a reckless or wanton manner, and/or with malicious purpose.

101.    Further, Defendant Sergeant Timothy Patton actually caused bodily harm to Plaintiff Kipp Holloway, touching and injuring Kipp Holloway intentionally and without

Electronically Filed 03/26/2015 09:35 / SERVICE / CV 15 842669 / Confirmation Nbr. 417970 / CLKMG

permission. Defendant Patton acted intentionally, in bad faith, in a reckless or wanton manner, and/or with malicious purpose.

102.    Defendant John Doe Police Officers knowingly threatened to cause physical harm against Plaintiff Kipp Holloway which caused him to be in fear of imminent peril and death. Defendants John Doe Police Officers acted intentionally, in bad faith, in a reckless or wanton manner, and/or with malicious purpose.

103.    As a direct and proximate result of being assaulted and battered by Defendant Patton and Defendants John Doe Police Officers, Kipp Hollway was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

### SIXTH CLAIM FOR RELIEF
**(State Claim Against Defendants Patton and John Doe Police Officers**
**for Intentional Infliction of Emotional Distress)**

104.    All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

105.    Defendants Patton and John Doe Police Officers either intended to cause emotional distress or knew or should have known that their actions would result in serious emotional distress to Plaintiff Kipp Holloway.

106.    Defendants Patton's and John Doe Police Officers' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society.

107.    As a direct and proximate result of Defendants Patton's and John Doe Police Officers' actions, Plaintiff Kipp Holloway suffered psychic injury and the mental anguish suffered by Holloway is serious and of a nature that no reasonable person could be expected to endure it.

19

## SEVENTH CLAIM FOR RELIEF
### (State Claim Against Defendant Patton and John Doe Police Officers
### for Negligent/Reckless Infliction of Emotional Distress)

108.    All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

109.    Defendant Patton's reckless and intentional acts placed Plaintiff Kipp Holloway in immediate risk of physical impact and injury, and put Kipp Holloway in fear for his safety. Defendant Patton was subjectively aware and disregarded the risk that firing his service weapon at Kipp Holloway and then shoving the barrel of the gun into Holloway's mouth was likely to cause severe and substantial emotional injury to Kipp Holloway. Defendant Patton's actions were malicious, in bad faith, wanton, willful, and carried out in a reckless manner.

110.    Defendant John Doe Police Officers' reckless and intentional acts placed Plaintiff Kipp Holloway in immediate risk of physical impact and injury, and put Kipp Holloway in fear for his safety. Defendants John Doe Police Officers were subjectively aware and disregarded the risk that menacing, harassing, and threatening to "blow [Holloway's] brains out" were likely to cause severe and substantial emotional injury to Kipp Holloway. Defendant John Doe Police Officers' actions were malicious, in bad faith, wanton, willful, and carried out in a reckless manner.

111.    As a direct and proximate result of Defendant Patton's actions, Plaintiff Kipp Holloway suffered psychic injury, and the mental anguish suffered by Kipp Holloway was serious and of a nature that no reasonable person could be expected to endure it.

Electronically Filed 03/26/2015 09:25 / SERVICE 42069154256692tiConfirmation 31910 / 417970 / CLKMG

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Kipp Holloway prays for judgment against the Defendants for:

(A)    Compensatory and consequential damages for all the injuries identified in an amount to be determined by the Court in excess of the Court's jurisdictional amount;

(B)    Punitive damages in an amount to be determined at trial for the willful and malicious conduct of Defendant Sergeant Timothy Patton;

(C)    Attorney's fees and the costs of this action and other costs that may be associated with this action, pursuant to 42 U.S.C. §1988; and

(D)    Any and all other relief that this Court deems equitable, necessary, and just.


s/ Terry H. Gilbert
TERRY H. GILBERT (0021948)
GORDON S. FRIEDMAN (0021946)
JACQUELINE GREENE (0092733)
Friedman & Gilbert
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
Telephone:    (216) 241-1430
Facsimile:    (216) 621-0427
E-Mail:    tgilbert@f-glaw.com
             gorlaw@f-glaw.com
             jgreene@f-glaw.com


Attorneys for Plaintiff

Electronically Filed 03/26/2015 09:35 / SERVICE / CV 15 842669 / Confirmation Nbr. 417970 / CLKMG