IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIPP HOLLOWAY | ) | CASE NO. 1:15 CV 00869 |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | ANSWER OF DEFENDANTS SERGEANT TIMOTHY PATTON AND SERGEANT PAUL BAEPPLER |
| Defendants. | ) | Jury Demand Endorsed Hereon |

For their Answer to Plaintiff's Complaint, Defendants Sergeant Timothy Patton and Sergeant Paul Baeppler state as follows:

1. The allegations contained in Paragraph One of the Complaint are denied.

2. These defendants admit that they reside in the State of Ohio, but deny the remaining allegations in Paragraph Two of the Complaint.

3. These defendants admit that venue is appropriate, but deny the remaining allegations in Paragraph Three of the Complaint.

4. Paragraph Four of the Complaint requires no answer.

5. These defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph Five of the Complaint.

1

6. These defendants admit that City of Cleveland (Cleveland) is a municipality in the State of Ohio, and admit Cleveland is in the Northern District of Ohio. These defendants deny the remaining allegations in Paragraph Six of the Complaint.

7. These Defendants admit that Sergeant Timothy Patton was at all times relevant to this Complaint a person employed by the Cleveland Division of Police, and that at all times he acted within the scope of his employment. The remaining allegations contained in Paragraph Seven of the Complaint are denied.

8. These Defendants admit that Sergeant Paul Baeppler was at all times relevant to this Complaint a person employed by the Cleveland Division of Police, and that at all times he acted within the scope of his employment. The remaining allegations contained in Paragraph Eight of the Complaint are denied.

9. These Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs Nine through 18 of the Complaint.

10. Defendants deny the allegations in paragraphs 19 and 20 of the Complaint.

11. Defendant Patton denies that he saw or was approaching Holloway as described in Paragraph 21 of the Complaint. Defendant Baeppler lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

13. Defendants admit that there were wounds in plaintiff's arm and chest. Defendants either deny or lack knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint.

14. Defendants deny the allegations in Paragraphs 24 and 25 of the Complaint.

15. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

16. Defendants deny the allegations contained in Paragraphs 27 through 39 of the Complaint.

17. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the complaint.

18. Defendants deny the allegations in Paragraphs 41 and 42 of the Complaint.

19. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

21. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 45 through 49 of the Complaint.

22. Defendants admit the allegations contained in Paragraphs 50 through 53 of the Complaint.

23. These defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

25. These Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

26. The allegations contained in Paragraph 57 of the Complaint are denied.

27. These defendants deny that the Ohio Attorney General's investigation resulted in fatally wounding Timothy Russell and Malissa Williams as described in Paragraph 58 of the Complaint. These defendants further deny that any statements made by the Ohio Attorney General or his office are relevant to this case.

28. These defendants admit that the Department of Justice investigated the Cleveland Division of Police. These defendants lack knowledge sufficient to form a belief as to the extent of the investigation or its details as described in Paragraph 59 of the Complaint. These defendants deny that any such investigation or finding of the Department of Justice is relevant to this case.

29. These defendants admit that Timothy Patton is a Sergeant, but deny all remaining allegations contained in Paragraph 60 of the Complaint.

30. These defendants deny the allegations contained in Paragraphs 61 through 69 of the Complaint.

31. Defendants respond to Paragraph 70 in the same manner as above.

32. Defendants deny the allegations in Paragraphs 71 through 76.

33. Defendants respond to Paragraph 77 in the same manner as above.

34. Defendants deny the allegations in Paragraphs 78 through 81.

35. Defendants respond to Paragraph 82 in the same manner as above.

36. Defendants deny the allegations Paragraphs 83 through 90 of the Complaint.

37. These defendants admit that the City of Cleveland has a duty to supervise, monitor, and train its officers. All other allegations in Paragraph 91 of the Complaint are denied.

38. Defendants deny the allegations in Paragraphs 92 and 93 of the Complaint.

39. Defendants respond to Paragraph 94 in the same manner as above.

40. Defendants deny the allegations in Paragraphs 95 through 98 of the Complaint.

41. Defendants respond to Paragraph 99 of the complaint in the same manner as above.

42. Defendants deny the allegations in Paragraphs 100 through 103 of the Complaint.

43. Defendants respond to Paragraph 104 in the same manner as above.

44. Defendants deny the allegations in Paragraphs 105 through 107 of the Complaint.

45. Defendants respond to Paragraph 108 in the same manner as above.

46. Defendants deny the allegations in Paragraphs 109 through 111 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Insufficiency of process.

3. Insufficiency of service of process.

4. Defendants are entitled to and assert all the defenses and immunities applicable to political subdivisions and employees of political subdivisions as set forth in Ohio Revised Code Chapter 2744, *et seq.*

5. Defendants are entitled to Qualified Immunity from all claims.

6. Plaintiff was himself negligent and such negligence proximately contributed to cause injuries in an amount greater than the negligence of all defendants combined.

7. Plaintiff's own acts proximately caused or contributed to any damages claimed.

8. Defendants are entitled to the protection of Ohio Revised Code section 2305.23.

9. Defendants are entitled to immunity under the "Good Samaritan" doctrine.

10. Plaintiff failed to file within the applicable statute of limitations.

11. Defendants reserve the right to add additional affirmative defenses as they are discovered in the future.

WHEREFORE, having fully answered the Complaint, Defendants Patton and Baeppler respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and award such other relief as this Court deems just and equitable, including, without limitation, Defendants' costs, attorneys' fees, and other litigation expenses.

Respectfully submitted,

BARBARA LANGHENRY (0038838)
DIRECTOR OF LAW


*/s/ Stewart Hastings*
STEWART HASTINGS (0025852)
ASSISTANT DIRECTOR OF LAW
City of Cleveland – Department of Law
601 Lakeside Avenue – Room 106
Cleveland, Ohio 44114
Telephone: (216) 664-2665
Facsimile: (216) 664-2663
ATTORNEYS FOR DEFENDANTS
PATTON AND BAEPPLER

## JURY DEMAND

Trial by jury is hereby demanded.

/s/ Stewart Hastings
Stewart Hastings
Counsel for Defendants


## CERTIFICATE OF SERVICE

I certify that on May 8, 2015 the foregoing was filed electronically. All parties will receive notice of this filing through the Court's electronic filing system and may access the filing through the Court's system.

*/s/ Stewart Hastings*
STEWART HASTINGS
Counsel for Defendants