UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIPP HOLLOWAY, | ) | CASE NO. 1:15CV869 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #40) of Defendant City of Cleveland for Review of Magistrate Judge's Discovery Order. For the following reasons, the Discovery Order (ECF DKT #39) is upheld in part and set aside in part.

**I. BACKGROUND**

On March 25, 2015, Plaintiff Kipp Holloway filed a Complaint in the Cuyahoga County Court of Common Pleas against Defendants, City of Cleveland, Sergeant Timothy Patton, Sergeant Paul Baeppler and John Doe Officers, arising out of an alleged police deadly force incident which occurred on May 21, 2014. Defendants Patton and Baeppler removed the case to this Court on May 1, 2015. In the course of discovery, a dispute arose concerning

the production of documents by the City of Cleveland; and, on April 19, 2016, the Court referred the matter to the Magistrate Judge for resolution.  Following rounds of supplemental briefing and the submission of documents for *in camera* review, the Magistrate Judge entered an Order on July 12, 2016, compelling production in part only.  The Magistrate Judge found that a number of emails were not protected by attorney-client privilege: that they were not communications with clients; that they did not serve the purpose of giving or obtaining legal advice; or that the inclusion of third parties on the emails operated as a waiver.

Now, Defendant City requests the Court to review the part of the Magistrate Judge's Order requiring production of thirteen (13) email communications which the City believes are protected from disclosure under the doctrines of attorney-client privilege and work-product privilege.  The City argues that the emails involve protected internal Law Department discussions regarding the criminal, civil or administrative components of the Kipp Holloway incident and necessary communications among City entities concerning the incident and investigation.  To assist the Court, the City identifies the individuals involved in the emails as follows:

**Email No. 6:**
  From: Shawn M. Mallamad, Assistant Director of Law
  To: Brian Heffernan, Commander, Division of Police, Bureau of Integrity Control
  Ronald Timm, Lieutenant, Division of Police, Homicide Unit

  cc: Robert Tucker, Sergeant, Division of Police, Internal Affairs Unit
  James Chura, Commander, Division of Police, Bureau of Special Investigations
  Monroe Goins, Lieutenant, Division of Police, Internal Affairs Unit
  James Rodes, Investigator, Law Department
  William Menzalora, Chief Assistant Director of Law
  L. Stewart Hastings, Assistant Director of Law
  Thomas Kaiser, Chief Trial Counsel
  Joseph Scott, Chief Assistant Director of Law

**Email No. 9:**
    From: Barbara Langhenry, Director of Law
    To: Daniel Ball, Press Secretary


**Email No. 10:**
    From: Shawn M. Mallamad, Assistant Director of Law
    To: Brian Heffernan, Commander, Division of Police, Bureau of Integrity Control
    Ronald Timm, Lieutenant, Division of Police, Homicide Unit

    cc: Robert Tucker, Sergeant, Division of Police, Internal Affairs Unit
    James Chura, Commander, Division of Police, Bureau of Special Investigations
    Monroe Goins, Lieutenant, Division of Police, Internal Affairs Unit
    James Rodes, Investigator, Law Department
    William Menzalora, Chief Assistant Director of Law
    L. Stewart Hastings, Assistant Director of Law
    Thomas Kaiser, Chief Trial Counsel
    Joseph Scott, Chief Assistant Director of Law
    Gary Singletary, Chief Counsel

**Email No. 11:**
    From: Brian Heffernan, Commander, Division of Police, Bureau of Integrity Control
    To: Shawn M. Mallamad, Assistant Director of Law
    Ronald Timm, Lieutenant, Division of Police, Homicide Unit

    cc: Edward Tomba, Division of Police, Deputy Chief
    Monroe Goins, Lieutenant, Division of Police, Internal Affairs Unit

**Email No. 21:**
    From: Gary Singletary, Chief Counsel
    To: Brian Heffernan, Commander, Division of Police, Bureau of Integrity Control

**Email No. 22:**
    From: Brian Heffernan, Commander, Division of Police, Bureau of Integrity Control
    To: Gary Singletary, Chief Counsel

    cc: Monroe Goins, Lieutenant, Division of Police, Internal Affairs Unit

**Email No. 43:**
    From: Gary Singletary, Chief Counsel
    To: Shawn M. Mallamad, Assistant Director of Law
    L. Stewart Hastings, Assistant Director of Law

    cc: Barbara Langhenry, Director of Law

      Kimberly Barnet-Mills, Interim Chief Prosecutor

**Email No. 44:**
      From: Barbara Langhenry, Director of Law
      To: Gary Singletary, Chief Counsel
      Shawn M. Mallamad, Assistant Director of Law
      L. Stewart Hastings, Assistant Director of Law

      cc: Kimberly Barnet-Mills, Interim Chief Prosecutor

**Email No. 45:**
      From: Shawn M. Mallamad, Assistant Director of Law
      To: Barbara Langhenry, Director of Law
      Gary Singletary, Chief Counsel
      L. Stewart Hastings, Assistant Director of Law

      cc: Kimberly Barnet-Mills, Interim Chief Prosecutor
      William Menzalora, Chief Assistant Director of Law
      Thomas Kaiser, Chief Trial Counsel
      Joseph Scott, Chief Assistant Director of Law
      Alejandro Cortes, Assistant Director of Law

**Email No. 46:**
      From: Barbara Langhenry, Director of Law
      To: Shawn M. Mallamad, Assistant Director of Law
      Gary Singletary, Chief Counsel
      L. Stewart Hastings, Assistant Director of Law

      cc: Kimberly Barnet-Mills, Interim Chief Prosecutor
      William Menzalora, Chief Assistant Director of Law
      Thomas Kaiser, Chief Trial Counsel
      Joseph Scott, Chief Assistant Director of Law
      Alejandro Cortes, Assistant Director of Law

**Email No. 47:**
      From: Shawn M. Mallamad, Assistant Director of Law
      To: Barbara Langhenry, Director of Law
      Gary Singletary, Chief Counsel
      L. Stewart Hastings, Assistant Director of Law

      cc: Kimberly Barnet-Mills, Interim Chief Prosecutor
      William Menzalora, Chief Assistant Director of Law
      Thomas Kaiser, Chief Trial Counsel
      Joseph Scott, Chief Assistant Director of Law

Alejandro Cortes, Assistant Director of Law

**Email No. 48:**
From: Shawn M. Mallamad, Assistant Director of Law
To: Barbara Langhenry, Director of Law

**Email No. 50:**
From: Kimberly Barnet-Mills, Interim Chief Prosecutor
To: Shawn M. Mallamad, Assistant Director of Law

cc: Barbara Langhenry, Director of Law
Gary Singletary, Chief Counsel
L. Stewart Hastings, Assistant Director of Law
William Menzalora, Chief Assistant Director of Law
Thomas Kaiser, Chief Trial Counsel
Joseph Scott, Chief Assistant Director of Law
Alejandro Cortes, Assistant Director of Law

## II. LAW AND ANALYSIS

**Appeal of Non-Dispositive Matters**

Local Rule 72.3 recites:

Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within fourteen (14) days after service of the Magistrate Judge's order.  Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto.  The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also consider *sua sponte* any matter determined by a Magistrate Judge under this Rule.

**Attorney-Client Privilege**

In general, the attorney-client privilege protects from disclosure "confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client." *In re Grand Jury Subpoena*, 886 F.2d 135, 137 (6th Cir. 1989).  The

Sixth Circuit has extended the privilege to protect governmental clients in civil matters. *Ross v. City of Memphis*, 423 F.3d 596, 601 (6th Cir. 2005). The party seeking to invoke the attorney-client privilege bears the burden of establishing that it applies. *See In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002). The privilege "must include all the persons who act as the attorney's agents." *Cooey v. Strickland*, 269 F.R.D. 643, 652 (S.D.Ohio 2010), quoting *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1061) (8 Wigmore, Evidence, § 2301; Annot., 52 A.L.R. 369 (1928)).

**<u>Work-Product Privilege</u>**

"[T]he work product doctrine 'is distinct from and broader than the attorney-client privilege.'" *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986). "While the attorney-client privilege protects only confidential communications, the work product doctrine generally protects from disclosure documents prepared by or for an attorney in anticipation of litigation." *Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697, 713 (6th Cir. 2006) (citing *In re Antitrust Grand Jury*, 805 F.2d at 163; *Hickman v. Taylor*, 329 U.S. 495, 510-12 (1947)). The burden is on the party claiming protection to show that anticipated litigation was the "driving force" behind the preparation of each requested document. *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009).

**<u>Waiver</u>**

Voluntary disclosure of communications made with one's attorney to a third party generally waives the attorney-client privilege. *Cooey*, 269 F.R.D. at 652, citing *Libbey Glass, Inc. v. Oneida Ltd.*, 197 F.R.D. 342, 347 (N.D.Ohio 1999). Work product protection is also waived by voluntary disclosure of private communications to third parties. *New Phoenix*

*Sunrise Corp. v. C.I.R.*, 408 F.App'x 908, 918 (6th Cir. 2010).  Nonetheless, "absent waiver, a party may not obtain the "opinion" work product of his adversary; i.e., "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories."  *In re Columbia/HCA Healthcare Corp.*, 293 F.3d at 294, quoting *In re Antitrust Grand Jury*, 805 F.2d at 163-64.

### Charter of the City of Cleveland

The City's Charter recites in pertinent part (ECF DKT #24-3):

**§ 83** Director of Law; Qualifications and Duties

The Director of Law shall be an attorney at law admitted to practice in the State of Ohio.  He shall be the legal advisor of and attorney and counsel for the City, and for all officers and departments thereof in matters relating to their official duties.  He shall prosecute or defend all suits for and in behalf of the City, and shall prepare all contracts, bonds and other instruments in writing in which the City is concerned and shall endorse on each his approval of the form and correctness thereof.  No such bond, contract or instrument shall become effective without such endorsement by the Director of Law thereon.

**§ 84** Director as Prosecuting Attorney

The Director of Law shall be the Prosecuting Attorney of the Municipal Court.  He may designate such number of assistant prosecutors as the Council by ordinance may authorize.  He shall prosecute all cases brought before such Court and perform the same duties, so far as they are applicable thereto, as are required of the Prosecuting Attorney of the County.

### Emails 6, 9, 10, 11, 21 and 22

Email documents 6, 10, 11, 21 and 22 are between attorneys in the City Law Department and members of the Cleveland Police Department.  Email 9 is between the Law Director and the Press Secretary.  The Court agrees with the Magistrate Judge that the City has not satisfied its burden of demonstrating that the attorney-client or work-product privilege applies.  The City has not established why communications with the various officers (who are

non-parties) fall within the privilege in the context of this action. Moreover, upon review, the emails do not relate to giving or obtaining legal advice; rather, they simply request updates on the status of the Holloway investigation. The message to the Press Secretary is one sentence regarding the unfinished internal investigation of Sergeant Patton. None of these emails constitute legal advice or the mental impressions, theories or strategies of the City's attorneys. Emails 6, 9, 10, 11, 21 and 22 are not protected by privilege from disclosure to Plaintiff.

**Emails 43, 44, 45, 46, 47, 48 and 50**

Upon consideration of these email communications, the Court, like the Magistrate Judge, finds that they reflect legal theories and strategies for the Holloway litigation. While the Court appreciates the Magistrate Judge's analysis that the inclusion of the Interim Chief City Prosecutor on these emails raises the possibility that the Prosecutor's and the Law Director/Law Department's interests may not align, the Court does not conclude that waiver due to third-party disclosure destroys any privilege.

Pursuant to the Charter of the City of Cleveland, the Law Director is the Prosecuting Attorney and has the authority to designate any number of assistant prosecutors. As the Court noted previously, attorney-client privilege and work-product privilege cloak all persons who act as the attorney's agents or designees. *See Cooey*; *Kovel*. Consequently, the strategizing and information communicated in emails 43, 44, 45, 46, 47, 48 and 50, and copied to the Interim Prosecutor Barnett-Mills, are protected and confidential. They shall not be disclosed to Plaintiff.

### III. CONCLUSION

For these reasons, and under the authority of Local Rule 72.3, the Court upholds the

Magistrate Judge's Discovery Order (ECF DKT #39) and orders production to Plaintiff of Defendant City of Cleveland's emails 6, 9, 10, 11, 21 and 22 within seven (7) days of this Order; but sets aside the Discovery Order as to emails 43, 44, 45, 46, 47, 48 and 50, finding them not subject to production on the basis of attorney-client/work-product privilege.

    **IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated:  August 9, 2016**